AO 245B     (Rev 09/11) Judgment in a Criminal Case
           Sheet 1

**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

**OCT 22 2015**

**JAMES W. McCORMACK, CLERK**
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT

Eastern District of Arkansas

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Michael Wayne Wolverton | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 4:13-cr-228-DPM<br>USM Number: 27918-009<br><br>William Ray Nickle<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Count 1 of the Indictment

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Attempting to Entice a Minor to Engage in Criminal Sexual Behavior, a Class C felony | 7/26/2013 | 1 |

     The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/20/2015
Date of Imposition of Judgment

_DPMarshall Jr._
Signature of Judge

D.P. Marshall Jr.      U.S. District Judge
Name and Title of Judge

22 October 2015
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   2   of   7

DEFENDANT: Michael Wayne Wolverton
CASE NUMBER: 4:13-cr-228-DPM

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

120 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

1) that Wolverton participate in the Intensive Sexual Offender Treatment program;
2) that Wolverton participate in a residential drug abuse program, or non-residential programs if he does not qualify for RDAP;
3) that Wolverton participate in mental-health counseling during incarceration; (continued on next page)

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev 09/11) Judgment in a Criminal Case
Sheet 2A — Imprisonment

Judgment—Page 3 of 7

DEFENDANT: Michael Wayne Wolverton
CASE NUMBER: 4:13-cr-228-DPM

## ADDITIONAL IMPRISONMENT TERMS

Recommendations to the Bureau of Prisons:

4) that Wolverton participate in educational and vocational programs; and

5) designation to FPC Pensacola to facilitate family visitation. If that facility is unavailable, then the Court recommends designation to the Sex Offender Management Program facility at FCI Englewood to facilitate participation in the recommended programs and to ensure Wolverton's safety and well-being during incarceration.

DEFENDANT:  Michael Wayne Wolverton
CASE NUMBER:  4:13-cr-228-DPM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
5 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Michael Wayne Wolverton
CASE NUMBER: 4:13-cr-228-DPM

# SPECIAL CONDITIONS OF SUPERVISION

S1) Wolverton shall participate, under the guidance and supervision of the probation officer, in a substance-abuse treatment program, which must include regular and random drug testing, and may include outpatient counseling, residential treatment, or both. Wolverton shall abstain from excessive use of alcohol throughout the course of treatment.

S2) Wolverton shall participate in mental-health counseling under the guidance and supervision of the probation officer.

S3) The probation officer will provide state officials with all information required under any sexual-predator and sexual-offender notification and registration statutes. The probation officer may direct Wolverton to report to these agencies personally for required additional processing, including an interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

S4) Wolverton shall participate in sex-offender treatment under the guidance and supervision of the probation officer. He shall abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing. Wolverton shall contribute to the costs of treatment and polygraphs based on his ability to pay.

S5) Wolverton shall not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of Wolverton's background and current offense. The adult also must be pre-approved by the probation office. Wolverton's family members, and close friends, shall be considered for approval as soon as practicable. Wolverton shall refrain from entering into any area where children frequently congregate, including schools, daycare centers, theme parks, and playgrounds.

S6) Wolverton shall not reside within 2,000 feet of locations frequented by children under the age of 18, including schools, playgrounds, daycare centers, theme parks, or community centers.

S7) Wolverton shall not own or use any computer or device (whether or not equipped with Internet access or a modem) to access the Internet at any location without first receiving written permission from the probation officer. This includes access through any Internet service provider; bulletin board system; gaming system, device, or console; online social networking activities; any public or private computer network system; cell phone; or any other remote device capable of Internet connection. He may not access the Internet by any device or means that is not susceptible to monitoring by the probation office. This condition does not prohibit Wolverton from using a third party's computer to apply for a job at that party's business.

S8) Wolverton shall agree to the installation of computer-monitoring software and hardware approved by the probation office, and he shall contribute to the cost of computer monitoring based on his ability to pay. Wolverton shall abide by all rules and requirements of the program and shall consent to unannounced examinations of all computer equipment and internal and external storage devices. This may include retrieval and copying of all data from the computer and any internal and external peripherals or removal of equipment for the purpose of conducting a more thorough inspection by the probation officer or probation service representative.

S9) Wolverton shall not utilize or maintain any memberships or accounts on any social networking website that allows minor children membership, a profile, an account, or a webpage without prior written approval of the probation officer.

S10) Wolverton shall submit his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer who has reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by Wolverton and by any probation officer in the lawful discharge of the officer's supervision functions pursuant to 18 U.S.C. § 3583(d).

DEFENDANT: Michael Wayne Wolverton
CASE NUMBER: 4:13-cr-228-DPM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Michael Wayne Wolverton
CASE NUMBER: 4:13-cr-228-DPM

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 100.00 due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance    ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

   If Wolverton is unable to pay the special assessment immediately, then during incarceration he shall pay 50 percent per month of all funds available to him until the assessment is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

   one Apple A1387 black iPhone 4S in black LifeProof case, unknown serial number; and one Sony Laptop computer, Model PCG-71314, serial number removed from device.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.